### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**BENJAMIN O. MAYS,**

      **Plaintiff,**

      **v.**                     **Case No. 15-9304-JAR-TJJ**

**WYANDOTTE COUNTY SHERIFF'S
DEPARTMENT, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

On October 5, 2015, *pro se* Plaintiff Benjamin O. Mays filed suit against the Wyandotte County Sheriff's Department, Sgt. Harmon, and "Sgt. D.A. Jackson," both of the Wyandotte County Sheriff's Department.  Plaintiff alleges that he was "denied medical attention or medication," "cruel and unusual punishment," "policy brutality," and "unuseful police force."[1]  On November 23, 2015, Defendants filed their Motion to Dismiss (Doc. 12), seeking to dismiss this case under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff has not responded to the motion and the time to do so has passed.  The motion can therefore be granted for failure to file a response.  The motion can also be granted on the merits, as described more fully below.

### I.  Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[2]  Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such

---

[1] Doc. 1 at 3–4.

[2] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[3]  As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion to dismiss as uncontested.

## II.     Motion to Dismiss

The Court also finds that the Complaint must be dismissed on the merits.  First, Plaintiff's claims must be dismissed as to the Wyandotte County Sheriff's Department because it is an agency not amenable to suit.  "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[4]  While the statutory authority need not explicitly authorize the capacity to sue or be sued; the statute should grant some power to the agency so that it has an implied capacity.[5] "For example, conferring power on a subordinate government agency to own or control property would have no meaning if the agency could not vindicate its rights in the property by suing in a court of law."[6]  The Wyandotte County Sheriff's Department has neither explicit statutory authority nor any statutory power that would imply capacity to sue or be sued.[7]  Thus, the Court must dismiss the claim against the Wyandotte County Sheriff's Department.

---

[3]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[4]*Lowery v. County of Riley*, No. 04-3101-JTM, 2005 WL 1242376, *7 (D. Kan. May 25, 2005) (citing *Hopkins v. Kansas*, 702 P.2d 311 (Kan. 1985)).

[5]*Id.* (citing *Lindenman v. Umscheid*, 875 P.2d 964, 967 Syl. ¶ 10 (Kan. 1994); *Bd. of Library Dirs. v. City of Fort Scott*, 7 P.2d 533, 535 (Kan. 1932)).

[6]*Id.* (citing *Bd. of Library Dirs.*, 7 P.2d at 535).

[7]*Wright v. Wyandotte Cnty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997).

The claims in this case are also subject to dismissal under Fed. R. Civ. P. 12(b)(6). Defendants urge dismissal for failure to provide notice under K.S.A. § 12-105(b), and for failure to exhaust administrative remedies under Kansas regulations that apply to inmate claims.  Notice under K.S.A. § 12-105(b) is required before a person can file a claim against a municipality arising under the Kansas Tort Claims Act.  The Court cannot determine whether either of these requirements apply to this case given Plaintiff's failure to provide any factual allegations surrounding his claims.  To state a claim upon which relief can be granted, the complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[8] Under the "plausibility" standard that guides this court, a complaint must contain sufficient factual allegations to give fair notice to Defendant of the grounds of the claim against them.[9] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[10]   Liberally construing Plaintiff's Complaint, as the Court must, there are no factual averments that give fair notice to the Defendants of the grounds upon which Plaintiff's claims rest.  Plaintiff does not allege that he is an inmate, nor does he allege that he is bringing a claim under the Kansas Tort Claims Act.  He provides no factual allegations about any constitutional claim for which he seeks relief.  As such, the Court finds that he states no plausible claim for relief.

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no

---

[8]Fed. R. Civ. P. 8(a)(2).

[9]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[10]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

amendment can cure the defect."[11]  Leave need not be granted if amendment would be futile.[12]
However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing
some important element, the Court should allow him leave to amend.[13]  The Court cannot find
that the factual allegations are close to stating a claim here because the Complaint is devoid of
any factual allegations at all.  Accordingly, the Court declines to provide Plaintiff with leave to
amend.

       **IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to
Dismiss (Doc. 12) is **granted**.

       **IT IS SO ORDERED.**

Dated: <u>January 7, 2016</u>

                         S/ Julie A. Robinson
                         JULIE A. ROBINSON
                         UNITED STATES DISTRICT JUDGE

---

[11]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[12]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[13]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).